```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                        ) | CRIMINAL NO. 05-10124-WGY |
| ) | |
| VIRGIL "DUKE" FARESE and  ) | |
| JAMES ARMSTRONG           ) | |

## GOVERNMENT'S MOTION IN LIMINE TO ADMIT EVIDENCE PURSUANT TO FRE 404(b)

The United States of America, by and through its attorneys Michael J. Sullivan, United States Attorney, and Assistant United States Attorney Laura J. Kaplan, move to admit evidence pursuant to Federal Rule of Evidence 404(b), to wit: the reputation of defendant James Armstrong for violence.

### FACTS

On July 14, 2005, a federal grand jury issued a four count superseding indictment against defendants James Armstrong ("Armstrong") and Duke Farese ("Farese") charging them with one count of engaging in a loansharking conspiracy and three counts of making and collecting extortionate extensions of credit. The superseding indictment was supported by evidence from several individuals about the defendants loansharking business which operated out of the MetroWest Framingham jobsite. Three individuals testified in the grand jury that they borrowed money from defendants Farese and Armstrong at a usurious rate of interest. Although none of the victims claimed to have been directly threatened by the defendants, each of these individuals

all testified that the basis of their fear came from their knowledge of defendant Armstrong's prior criminal record, specifically that he had been convicted of an armored car robbery for which he served a lengthy prison sentence.  In addition, two of the three, prior to borrowing money from the defendants, had heard about a physical fight that defendant Armstrong had with another union member.

The government now seeks pursuant to Federal Rules of Evidence 404(b) to introduce in its case-in-chief evidence of the witnesses belief about defendant Armstrong's reputation for violence.

## ARGUMENT

Federal Rule of Evidence 404(b) generally governs the admissibility of evidence of actions by a defendant that are extrinsic to the charged offense.  Rule 404(b) states in pertinent part:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of the person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

Fed. R. Evid. 404(b).  "The rule is one of inclusion which allows the introduction of evidence of other crimes, wrongs, or acts unless the evidence tends to only prove criminal disposition." United States v. Fields, 871 F.2d 188, 196 (1st Cir.), cert. denied, 493 U.S. 955 (1987).  See also United State v. Tutiven, 40 F.3d 1, 5 (1st Cir. 1994) ("Rule 404(b) absolutely bars 'other acts' evidence relevant only to prove criminal propensity or bad

character.  Its absolute bar is implicated, however, only if the challenged 'other crimes, wrongs, or acts' are relevant **exclusively** to instigate an inference that the defendant is more likely to have acted in a similar fashion by committing the offense for which he is on trial.") (emphasis added).

In this Circuit, evidence of prior bad acts is admissible if: (1) the evidence has special relevance exclusive of defendant's character or propensity; and (2) the probative value of such evidence is not outweighed by the danger of unfair prejudice, confusion, or misleading the jury.  See United States v. DeCicco, 370 F.3d 206, 211 (1st Cir. 2004); United States v. Frankhauser, 80 F.3d 641, 648 (1st Cir. 1996).  Such evidence should be permitted if the court finds that a jury could reasonably find by a preponderance of the evidence that the defendant committed the "other act."  See Huddleston v. United States, 485 U.S. 681, 685, 689 (1988).

In the instant case, the special relevance of the Rule 404(b) evidence that the government seeks to introduce is manifest.  In each of the counts of the superseding indictment, the defendant has been charged with using extortionate means to either make or collect an extension of credit.  In order to sustain a conviction for the extortionate extension of credit (18 U.S.C. § 892), the government is obligated to prove that the debtor believed that the debt might be collected, or that nonpayment might be punished, by extortionate means, that is, by violence or other harmful criminal means.  In order to sustain a conviction for the extortionate collection of debt (18 U.S.C. §

894), the government is obligated to prove that the collection involved the use of extortionate means, that is, the express or implied threat of the use of violence or other criminal means to cause harm to the person.  These elements will be contested at trial.

In cases of extortion based upon fear of violence the facts of fear, actual or anticipated, and of its reasonableness, are vital factors.  United States v. Carbo, 314 F.2d 718, 740 (9th Cir. 1963).  To prove a substantive act of extortion it is essential to show the generation of fear in the victim.  To prove a conspiracy to extort it is necessary to show a plan to instill fear.  314 F.2d at 741. [1]

Here, the government intends to call three witnesses who will each testify that they borrowed money at usurious rates of interest from the defendants.  If the Court grants this motion, the witnesses will testify that at the time they borrowed money from the defendants they were fearful that the defendants might resort to violence to ensure repayment.  They will explain that although the defendants made no direct threats or statements to them, the basis of their fear came from their knowledge that defendant Armstrong had served a lengthy prison sentence for an

---

[1] It should be noted that Count 1 charges the defendants with engaging in a loansharking conspiracy to make and collect extortionate extensions of credit.  For this count, it is necessary to show only that the defendants planned and intended that those to whom they extended credit would understand the possible harmful consequences of default or delinquency, not the actual accomplishment of that intent in particular instances.  See United States v. Annoreno, 460 F.2d 1303, 1308 (7th Cir. 1972)

armored car robbery and that defendant Armstrong had beaten up a fellow union member while at the jobsite. The evidence will further show that defendant Farese teamed up with defendant Armstrong intending to manipulate this fear for the benefit of himself and Armstrong. Indeed, 70 year old defendant Farese secured defendant Armstrong's participation with full realization that his effectiveness was based upon the fear Armstrong's reputation could inspire in the victims.

The proposed testimony would be offered for no other purpose than to show a basis for the victims' fears that defendant Armstrong might resort to violence to ensure repayment. The First Circuit in <u>United States v. Oreto</u>, 37 F.3d 739 (1st Cir. 1994)(where testimony of one of the alleged loanshark borrowers that he knew one defendant "got out of jail for murder" was admissible to show basis for victim's fear) held that such evidence was entirely permissible and reiterated what the court had made plain in <u>United States v. DeVincent</u>, 546 F.2d 452 (1st Cir. 1976)( No reversible error in admitting one defendants 20 year old robbery conviction and 10 year old murder indictment as bearing on the understanding of the debtor that default would be punished by violence). In <u>DeVincent</u> and <u>Oreto</u>, both cases involving allegations that the defendant made extortionate extensions of credit in violation of 18 U.S.C. § 892, the trial courts admitted testimony regarding the defendant's prior convictions. In <u>DeVincent</u>, the court stated

> Neither of the events could be admitted to show that DeVincent was a bad man. If known to the debtor, however, they can be admitted to show an element of the crime - the understanding of

>the debtor that default would be punished with
>violence. The debtor's awareness of the lender's
>earlier conviction, or even indictment, for a
>violent crime surely affects his views of the
>lender's likely collection practices. 546 F.2d at 456-
>57.

Thus, the First Circuit in Oreto held that DeVincent clearly holds that a prior conviction for a violent crime - even one wholly unrelated to the defendant's lending activities - may, if known to a debtor, influence the latter's reasonable expectations as to how the lender may collect the loan. The court went on to note that the ETC statute itself permits reputation evidence - usually a reputation for violence - in more restricted situations. See 18 U.S.C. §§ 892(c). The evidence of defendant Armstrong's prior conviction and beating of another individual on the jobsite bears directly on the understanding of the debtor.

The special relevance of the proffered bad act evidence having been established, the remaining question is whether its admission would entail undue prejudice. As to that Rule 403 assessment, the First Circuit has stated that exclusion is only warranted "'in those instances where the trial judge believes that there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and this risk is disproportionate to the probative value of the offered evidence.'" United States v. Zeuli, 725 F.2d 813, 817 (1st Cir. 1984) (quoting United States v. Masters, 622 F.2d 83, 87 (4th Cir. 1980). The Supreme Court has likewise made clear that the determination that evidence of prior or subsequent bad acts is unduly prejudicial is not to be readily made, stating that

"Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence."  Huddleston v. United States, 108 S. Ct. 1496, 1501 (1988).

The proffered evidence in this case is undoubtedly "prejudicial," as all evidence is intended to be so.  See Onujiogu v. United States, 817 F.2d 3, 6 (1st Cir. 1987).  It is in no sense, however, unduly prejudicial.  At the same time, its probativity is substantial and it bears directly on what is expected to be the central issue at trial.  Indeed, it is essential to establish an essential element of the crime - the understanding of the debtor that default would be punished by violence.  Consequently, its admission is warranted.  Finally, to avoid confusion of issues and to foreclose the jury from using the reputation evidence to convict the defendants on the "bad man" theory, the Court upon admitting the testimony in question can instruct the jury as to the limited consideration which might be given.  In that way, any prejudice flowing from any confusion of issues by the jury can be eliminated.  For all of these reasons, the government respectfully moves that the above-

mentioned evidence be admitted.

            Respectfully submitted,

            MICHAEL SULLIVAN
            United States Attorney

    By:

            /s/ Laura J. Kaplan
            LAURA J. KAPLAN
            Assistant U.S. Attorney


CERTIFICATE OF SERVICE

Suffolk, ss.          Boston, Massachusetts
              February 6, 2006

 I, Laura J. Kaplan, Assistant U.S. Attorney, do hereby certify that I have served by facsimile and first class mail a copy of the foregoing upon John LaChance, Esq., 14 Vernon Street, Suite 301, Framingham, MA 01701, counsel for defendant Farese and Kevin Barron, Esq., 453 Washington Street, Suite #5B, Boston, MA 02111, counsel for defendant Armstrong on February 6, 2006.

            /s/ Laura J. Kaplan
            LAURA J. KAPLAN
            Assistant U.S. Attorney