UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CRIMINAL NO. 05-10124-WGY |
| ) | |
| VIRGIL "DUKE" FARESE and ) | |
| JAMES ARMSTRONG   ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT ARMSTRONG'S OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE TO ADMIT EVIDENCE PURSUANT TO FRE 404(b) AND OPPOSITION TO HIS MOTION TO DISMISS

The United States of America, by and through its attorneys Michael J. Sullivan, United States Attorney, and Assistant United States Attorney Laura J. Kaplan, responds to defendant Armstrong's Motion in Opposition to the Government's Motion to Admit Evidence Pursuant to Federal Rule of Evidence 404(b), to wit: the reputation of defendant James Armstrong for violence, and in opposition to defendant Armstrong's motion to dismiss.

To begin with, the Government incorrectly stated in its motion in limine that the superseding indictment against defendants James Armstrong ("Armstrong") and Duke Farese ("Farese") charged them with one count of engaging in a loansharking conspiracy and three counts of making and collecting extortionate extensions of credit. The superseding indictment in fact charged them with one count of conspiracy to make an extortionate extensions of credit; one count of conspiracy to collect extortionate extensions of credit; and one count of collection and one count of making an extortionate extension of credit.

**I.  Reputation Evidence**

  Defendant's opposition to the government's use of reputation evidence reflects his misunderstanding of the loansharking statute.  The loanshark victim's fear of testifying against the loanshark is in part responsible for the enactment of Sections 892 and 894.  This fear causes the borrowers to be at least reluctant to testify, and at worst to change their prior testimony and deny that they were ever threatened or were afraid of the loansharks.

  Clearly, the government does not have to demonstrate that violence was ever used because the use of violence and even express threats of violence are practices of last resort in a loan sharking business which generally trades upon the reputation of its employees and, therefore, normally need resort simply to the use of implicit threats.  <u>United States v. Dennis</u>, 625 F.2d 782, 803 (8th Cir. 1980)(fear not an element of statute and proof of express threats not required).

  In <u>Dennis</u>, the court found support for the use of reputation evidence in the Congressional Record which stated "the major difficulty which confronts the prosecution of offenses of this type is the reluctance of the victims to testify.  That is, if they are in genuine fear of the consequences of nonpayment, they are apt to be equally or even more in fear of the consequences of testifying as a complaining witness."  <u>See Dennis</u>, 625 F.2d at 801 quoting Conf. Rep. No. 1397, 90th Cong.,2d Sess.,2 [1968] U.S. Code Congo & Admin. News, p. 2026. The admission of reputation and prior bad acts evidence is essential to prove the

extortionate "understanding" required in Section 892 and is allowed by Section 892(b) and Section 894(c).  Reputation evidence is especially necessary where, as here, the members of the loansharking enterprise traded heavily upon the debtors' knowledge that one of the coconspirators was a convicted, paroled armored car robber.

Finally, the defendant's argument that such evidence is barred by <u>United States v. Crawford</u>, 124 S.Ct. 1354 (2004) is misplaced.  <u>Crawford</u> applies to hearsay evidence.  None of the evidence the government seeks to admit, i.e. the victims' belief that defendant Armstrong had been convicted of a violent crime, involves hearsay evidence since it will not be offered for the truth of the matter asserted.  Whether or not defendant Armstrong had been convicted of such a crime is irrelevant.  For these reasons, and those previously stated, the Court should allow the introduction of reputation and prior bad acts evidence.

**II.  Defendant's Motion To Dismiss**

The government opposes defendant Armstrong's motion to dismiss based on his mistaken belief that the government has failed to allege that the defendant committed a crime during the statute of limitations.  The evidence will show that the defendant joined a conspiracy to engage in loansharking sometime between February 1997 and December 2000.  Whether his employment with J.F. Shea at the Framingham jobsite ended in April 1999 or not, there is no evidence that the defendant withdrew from the conspiracy or that the defendant was unable to participate in the conspiracy even if he was not physically working at the

Framingham jobsite. Since John Doe 2 testified to acts that occurred in the Fall of 2000, well within the statute of limitations, there is sufficient evidence that defendant Armstrong committed at least one act within the statute of limitations time period. Counts One and Three are conspiracy counts and allow the government to go back in time as long as one act is committed within the statute of limitations.

Respectfully submitted,

MICHAEL SULLIVAN
United States Attorney

By: /s/ Laura J. Kaplan
LAURA J. KAPLAN
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

Suffolk, ss                          Boston, Massachusetts
                                     February 24, 2006

I, Laura J. Kaplan, Assistant U.S. Attorney, do hereby certify that I have served electronically a true copy of this motion by CM/ECF of this District on February 24, 2006 to Kevin L. Barron, Esq. and John LaChance, Esq.

/s/ Laura J. Kaplan
LAURA J. KAPLAN
Assistant U.S. Attorney