UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Action No. 1:05-cr-10124-WGY

UNITED STATES OF AMERICA,

v.

JAMES ARMSTRONG and Virgil Farese,
        Defendant.

**DEFENDANT JAMES ARMSTRONG'S PROPOSED JURY INSTRUCTIONS**

Pursuant to Federal Rule of Criminal Procedure 30 and in accordance with the Court's Order dated November 17, 2005, defendant James Armstrong submits the attached Proposed Jury Instructions. Mr. Armstrong requests that he be permitted to submit revised or supplemental instructions based on the evidence adduced at trial or to conform to any rulings of law the Court may enter during these proceedings. *See Bruno v. United States*, 259 F.2d 8, 9 (9th Cir. 1958) ("We think that [defendant] reasonably delayed in submitting his requested instructions until he could know, from the Government's case-in-chief, whether his theory of defense would have some support in the evidence").

Dated this 23rd day of February, 2006, at Boston, Massachusetts.

/s./ *Kevin L. Barron*

Kevin Lawrence Barron BBO550712
Attorney for James Armstrong
453 Washington Street - 5th Fl.
Boston MA 02111-1325
Tel. No. 617-407-6837
Cellular 617-407-6837
Telecopier 617-517-7711
k@lawyerbarron.com

DEFENDANT'S REQUEST NUMBER 1
PRESUMPTION OF INNOCENCE

The United States government has brought this criminal case. I will sometimes refer to the government as the prosecution.

The government charges Mr. Armstrong with violations of federal law.  In particular, the government alleges that from February 1997 until December 2000, Mr. Armstrong, along with the other defendants, knowingly conspired to and knowingly did participate in the use of extortionate means to collect an extension of credit.

The charges against Mr. Armstrong are contained in the indictment. The indictment is simply the description of the charge against Mr. Armstrong; it is not evidence of anything. Mr. Armstrong pleaded not guilty to the charges and denies committing the crimes. He is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven his guilt beyond a reasonable doubt.

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, James Armstrong, has the benefit of that presumption throughout the

trial, and you are not to convict him of a particular charge unless you are

persuaded of his guilt of that charge beyond a reasonable doubt.

See, First Circuit Pattern Criminal Jury Instructions, 1.02, 3.02; *United States v. Campbell*, 874 F.2d 838 (1st Cir. 1989);*United States v. Littlefield*, 840 F.2d 143 (1st Cir.) (recommending trial courts to make presumption of innocence concept "as explicit as possible"), *cert. denied*, 488 U.S. 860 (1988).

DEFENDANT'S REQUEST NUMBER 2
BURDEN OF PROOF

The government has the burden of proving every element of the charge against Mr. Armstrong beyond a reasonable doubt. If it fails to do so, you must return a verdict of not guilty. This burden remains with the government throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent.

First Circuit Pattern Criminal Jury Instructions, 3.02.

DEFENDANT'S REQUEST NUMBER 3
REASONABLE DOUBT

As I have said, the burden is upon the government to prove beyond a reasonable doubt that a defendant is guilty of the charge made against the defendant. It is a strict and heavy burden, but it does not mean that a defendant's guilt must be proved beyond all possible doubt. It does require that the evidence exclude any reasonable doubt concerning a defendant's guilt. A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence. Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge.

Of course, a defendant is never to be convicted on suspicion or conjecture. If, for example, you view the evidence in the case as reasonably permitting either of two conclusions - one that a defendant is guilty as charged, the other that the defendant is not guilty - you will find the defendant not guilty.

It is not sufficient for the government to establish a probability, though a strong one, that a fact charged is more likely to be true than not true. That is not enough to meet the burden of proof beyond reasonable doubt. On the other hand, there are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

Concluding my instructions on the burden, then, I instruct you that what the government must do to meet its heavy burden is to establish the truth of each part of each offense charged by proof that convinces you and leaves you with no reasonable doubt, and thus satisfies you that you can, consistently with your oath as jurors, base your verdict upon it. If you so find as to a particular charge against a defendant, you will return a verdict of guilty on that charge. If, on the other hand, you think there is a reasonable doubt about whether the defendant is guilty of a particular offense, you must give the defendant the benefit of the doubt and find the defendant not guilty of that offense.

Instruction given by Judge Keeton, approved in *United States v. Cleveland*, 106 F.3d 1056, 1062-63 (1st Cir. 1997); First Circuit Pattern Criminal Jury Instructions 3.02, n. 5.

DEFENDANT'S REQUEST NUMBER 4
POLICE TESTIMONY

You have heard the testimony of several law enforcement agents. The fact that a witness may be employed by the federal government or as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or less weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case. It is your decision, after reviewing all the evidence, whether to accept the testimony of a law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

Sand, Siffert, Loughlin and Reiss, Modern Federal Jury Instructions, Instruction 7-16, ¶7.01 (2004).

DEFENDANT'S REQUEST NUMBER 5
USE OF RECORDINGS AND TRANSCRIPTS

In the course of this trial you are going hear conversations that were recorded.

This is proper evidence for you to consider. In order to help you, I am going to

allow you to have a transcript to read along as the recording is played. The

transcripts have been prepared by the government, or by counsel for the

defendant, merely to help you understand what is said on the recording. If you

believe at any point that the transcript says something different from what you

hear on the recording, remember it is the recording that is the evidence, not the

transcript. Any time there is a variation between the recording and the transcript,

you must be guided solely by what you hear on the recording and not by what

you see in the transcript. The transcript itself is not evidence.

Modeled in part on First Circuit Pattern Criminal Jury Instructions, 2.09.

DEFENDANT'S REQUEST NUMBER 6
CONSIDER ONLY THE CHARGES

The defendant is not charged with committing any crime other than the offenses contained in the indictment. You have heard evidence of other acts allegedly committed by the defendant. When that evidence was introduced I instructed you that it was to be considered by you solely for a limited purpose. I will explain that limited purpose again in a moment. But I want to emphasize to you now that you are not to consider that evidence for any other purpose and you are only to return a verdict as to the charges contained in the indictment.

Sand, Siffert, Loughlin and Reiss, Modern Federal Jury Instructions, Instruction 3-3, p. 3-6 (2004).

DEFENDANT'S REQUEST NUMBER 7
CONSIDER EACH DEFENDANT SEPARATELY

The indictment names three defendants who are on trial together. In reaching a verdict, however, you must bear in mind that guilt is individual. Your verdict as to each defendant must be determined separately with respect to him, solely on the evidence, or lack of evidence, presented against him without regard to the guilt or innocence of anyone else.

In addition, some of the evidence in this case was limited to one defendant. Let me emphasize that any evidence admitted solely against one defendant may be considered only as against that defendant and may not in any respect enter into your deliberations on any other defendant.

Sand, Siffert, Loughlin and Reiss, Modern Federal Jury Instructions, Instruction 3-5, p. 3-10(2004).

DEFENDANT'S REQUEST NUMBER 8
MULTIPLE COUNTS – MULTIPLE DEFENDANTS

The indictment contains a total of four counts.  There are two defendants on trial before you. You must, as a matter of law, consider each count of the indictment and each defendant's involvement in that count separately, and you must return a separate verdict on each defendant for each count in which he is charged.

In reaching your verdict, bear in mind that guilt is personal and individual. Your verdict of guilty or not guilty must be based solely upon the evidence about each defendant. The case against each defendant, on each count, stands or falls upon the proof or lack of proof against that defendant alone, and your verdict as to any defendant on any count should not control your decision as to any other defendant or any other count. No other considerations are proper.

Sand, Siffert, Loughlin and Reiss, Modern Federal Jury Instructions, Instruction 3-8, p. 3-16 (2004).

DEFENDANT'S REQUEST NUMBER 9
ELEMENTS OF THE OFFENSE - CONSPIRACY

Mr. Armstrong is accused of conspiring to commit a federal crime--specifically, the crime of knowingly participating in the use of extortionate means to collect an extension of credit. It is against federal law to conspire with someone to commit this crime.

For you to find Mr. Armstrong guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

- *First*, that the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to the crime of knowingly using extortionate means to collect an extension of credit; and

- *Second*, that Mr. Armstrong willfully and knowingly joined in that agreement.

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details.

However, the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not

necessarily establish proof of the existence of a conspiracy, but you may consider

such factors.


O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, §§31.01, 31.03 (2004) (citing United States v. Rivera-Santiago, 872 F.2d 1073, 1078-80 (1st Cir. 1989), cert. denied, 492 U.S. 910 (1989), as modified by United States v. Piper, 35 F.3d 611, 614-15 (1st Cir. 1994), cert. denied, 513 U.S. 1158 (1995).

DEFENDANT'S REQUEST NUMBER 10
"WILLFULLY JOINED"

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed--that is to say, with bad purpose, either to disobey or disregard the law--not to act by ignorance, accident or mistake. Proof that Mr. Armstrong willfully joined in the agreement must be based upon evidence of his own words or actions. The government must prove beyond a reasonable doubt that Mr. Armstrong knew the essential features and general aims of the venture. If Mr. Armstrong was not part of the agreement at the very start, he can be found guilty of conspiracy only if the government proves that he willfully joined the agreement later. However, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors.

The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying, crime.

DEFENDANT'S REQUEST NUMBER 11
ACTS AND DECLARATIONS OF CO-CONSPIRATORS

Evidence has been received in this case that certain persons, who are alleged in Counts One and Three of the indictment to be co-conspirators of Mr. Armstrong, have done or said things during the existence or life of the alleged conspiracy in order to further or advance its goal[s].

You may consider such acts and statements of these other individuals in determining whether or not the government has proven the charges in Counts One and Three of the indictment against Mr. Armstrong.

However, since these acts may have been performed and these statements may have been made outside the presence of Mr. Armstrong and even done or said without the his knowledge, these acts or statements should be examined with particular care by you before considering them against Mr. Armstrong who did not do the particular act or make the particular statement.

O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, §31.06 (2004).

DEFENDANT'S REQUEST NUMBER 12
ELEMENTS OF THE OFFENSE - 18 U.S.C. § 894

Counts Two, Three and Fourth of the indictment charge that James Armstrong knowingly participated in the use of extortionate means to collect and attempt to collect extensions of credit made to in the amounts of $500.00 and $1,000. 00 from Jon Gross and Scott Campitelli.

Section 894 of Title 18 of the United States Code provides in pertinent part that:

> Whoever knowingly participates in any way, or conspires to do so, in the use of any extortionate means
>
> (1) to collect or attempt to collect any extension of credit, or
>
> (2) to punish any person for the nonrepayment thereof [commits a crime].

For you to find Mr. Armstrong guilty of this crime, you must be satisfied that the government has proven each of the following elements beyond a reasonable doubt:

- *First*, that Mr. Armstrong knowingly collected or attempted to collect an extension of credit.

- *Second*, that Mr. Armstrong used extortionate means to collect or attempt to collect the extension of credit.

- *Third*, that Mr. Armstrong participated knowingly in the use

  of extortionate means to collect a debt which he knew was

  an extension of credit.

18 U.S.C. § 894; Sand, Siffert, Loughlin and Reiss, Modern Federal Jury
Instructions, § 32.02, p.
32-14 (2004) (modified).

DEFENDANT'S REQUEST NUMBER 13
COLLECTION OF EXTENSION OF CREDIT

The first element of the offense which the government must establish

beyond a reasonable doubt is that Mr. Armstrong knowingly collected or

attempted to collect an extension of credit.

To collect means simply, in any way, to induce a person to make a

payment of money. The phrase "extension of credit" is a loan, or an agreement,

tacit or express, whereby the repayment or satisfaction of any debt or claim,

whether acknowledged or disputed, valid or invalid, and however arising, may

or will be deferred to a later time.

Based on Sand, Siffert, Loughlin and Reiss, Modern Federal Jury Instructions, §
32.7, p. 32-16 (2004); O'Malley, Grenig and Lee, Federal Jury Practice and
Instructions, § 37.13 (2004).

DEFENDANT'S REQUEST NUMBER 14
EXTORTIONATE MEANS

The second element of the offense which the government must prove

beyond a reasonable doubt is that Mr. Armstrong knowingly used extortionate

means when he collected or attempted to collect the extension of credit.

The term "extortionate means" is any method which involves the use, or

an express or implicit threat of use, of violence or other criminal means to cause

harm to the person, reputation, or property of any person.


O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, §37.09 (2004).

DEFENDANT'S REQUEST NUMBER 15
KNOWINGLY

You have been instructed that in order to sustain its burden of proof as to

all Counts of the Indictment, the government must prove beyond a reasonable

doubt that the defendant acted knowingly as to each element of the offense, that

is he (1) knowingly conspired to participate or knowingly did participate in the

use of extortionate means in order to (2) knowingly collect an extension of credit.

The government must establish that the defendant knew about the extension

of credit.

A person acts knowingly if he acts voluntarily and intentionally, and not

because of mistake or accident or carelessness. The purpose of adding the word

"knowingly" is to ensure that no one will be convicted for an act done because of

ignorance, mistake, accident or other innocent reason. Whether the defendant

acted knowingly may be proven by the defendant's conduct and by all of the

facts and circumstances surrounding the case.

Based on Sand, Siffert, Loughlin and Reiss, Modern Federal Jury Instructions, §
3A.01, p. 3A-2, and § 32.9, p. 32-20 (2004); See Pattern Jury Instructions of the
First Circuit, Criminal Cases, Instruction No. 4.06 (1998). United States v.
Perrotta, 289 F.3d 155, 160 (1st Cir. 2002) (to win a conviction for aiding and
abetting extortionate extensions of credit, the government had to prove that
defendant knew that other party's extensions of credit were extortionate and that
defendant intended to assist in making the extortionate loans); see also United
States v. Abernathy, 83 F.3d 17, 19 (1st Cir. 1996) (in conviction for carrying a
firearm that had been in interstate commerce with an obliterated serial number,
in violation of 18 U.S.C. § 922(k), government had to prove that defendant had
actual knowledge that the serial number had been obliterated since actual
knowledge was "a necessary element of the crime").  See, also, United States v.

Khilchenko, 324 F.3d 917, 920 (7th Cir. 2003) (for proposition that to convict a defendant under 18 U.S.C. § 894, the trier of fact must find that (1) a collection or attempted collection of an 'extension of credit' was made, (2) extortionate means were used, and (3) the defendants *knowingly* participated in these actions) (emphasis added).

DEFENDANT'S REQUEST NUMBER 16
DEFENDANT'S DECISION NOT TO TESTIFY


Under our Constitution, the defendant has an absolute right not to testify. In this case the defendant has exercised that lawful right. The fact that he has elected not to take the stand is in no way to be regarded by you as involving the questions of his innocence or his guilt. No negative inference may be drawn from this decision. Mr. Armstrong has entered a plea of not guilty and by doing so has denied the charges. I instruct you emphatically that, in the jury room, you may not speculate about why he did not take the stand. You may not even discuss the fact that he did not testify. I have told you why he did not testify. He has exercised his lawful right. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.


*United States v. Ladd*, 877 F.2d 1083, 1089 (1st Cir. 1989); *Carter v. Kentucky*, 450 U.S. 288, 299-303 (1981); *Bruno v. United States*, 308 U.S. 287, 293-94 (1939).

DEFENDANT'S REQUEST NUMBER 17
CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

First Circuit Pattern Criminal Jury Instructions, 1.09.

DEFENDANT'S REQUEST NUMBER 18
INFORMANT TESTIMONY

You have heard the testimony of Mario D'Atillio, Scott Colleary and

Raymond Monsini. These men provided evidence under an order of immunity

obtained for them by the government so that they would cooperate in this case.

Some of them may have participated in the crime charged against the defendants

and may have avoided prosecution by the government in exchange for providing

information.

Some people in this position are entirely truthful when testifying. Still,

you should consider the testimony of these individuals with particular caution

["must be received with caution and weighed with care" (see, *US v. Newton*,

infra]. They may have had reason to make up stories or exaggerate what others

did because they wanted to help themselves.

Comment(s)

(1) "Though it is prudent for the court to give a cautionary instruction [for accomplice testimony], even when one is not requested, failure to do so is not automatic error especially where the testimony is not incredible or otherwise insubstantial on its face." United States v. Wright, 573 F.2d 681, 685 (1st Cir. 1978); see also United States v. House, 471 F.2d 886, 888 (1st Cir. 1973) (same for paid-informant testimony). The language varies somewhat. United States v. Paniagua-Ramos, 251 F.3d 242, 245 (1st Cir. 2001) ("no magic words that must be spoken"); United States v. Hernandez, 109 F.3d 13, 17 (1st Cir. 1997) (approving "with greater caution" or "with caution"); United States v. Brown, 938 F.2d 1482, 1486 (1st Cir. 1991) (referring to the standard accomplice instruction as "with caution and great care"); United States v. Skandier, 758 F.2d 43, 46 (1st Cir. 1985) ("scrutinized with particular care"); United States v. Hickey, 596 F.2d 1082, 1091 n.6 (1st Cir. 1979) (approving "greater care" instruction). The standard is the same for witnesses granted immunity, United States v. Newton, 891 F.2d 944, 950 (1st Cir. 1989) (jury should be instructed that such "testimony must be received with caution and weighed with care"), and for paid informants, United States v. Cresta, 825 F.2d 538, 546 (1st Cir. 1987) ("the jury must be specifically instructed to weigh the witness' testimony with care").

First Circuit Pattern Criminal Jury Instruction 2.08.

DEFENDANT'S REQUEST NUMBER 19
IMPEACHMENT OF WITNESS TESTIMONY
BY PRIOR CONVICTION

You have heard evidence that three witnesses, Scott Colleary, Mario D'Atillio and Raymond Monsini, have been convicted of crimes. You may consider that evidence, together with other pertinent evidence, in deciding how much weight to give to those witness's testimony.

First Circuit Pattern Criminal Jury Instruction 2.04.