UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 05-10124-WGY |
| | ) | |
| VIRGIL "DUKE" FARESE and | ) | |
| JAMES ARMSTRONG | ) | |
| | ) | |
| Defendants. | ) | |

## **GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

The United States of America, pursuant to Fed. R. Crim. P.30, requests that the Court, in addition to its usual instructions in criminal cases, give the following instructions to the jury.  The United States also requests leave to file additional instructions as may become appropriate during the course of the trial.


Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


By: /s/ Laura J. Kaplan
LAURA J. KAPLAN
Assistant U.S. Attorney

**DUTIES OF THE JURY**

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations.

It will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you. That is how you will reach your verdict. In doing so you must follow that law whether you agree with it or not. The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

2

**NATURE OF INDICTMENT -- PRESUMPTION OF INNOCENCE**

This criminal case has been brought by the United States government.  I will sometimes refer to the government as the prosecution.  The government is represented at this trial by Assistant United States Attorney Laura Kaplan.  The defendant, Duke Farese, is represented by John LaChance and defendant James Armstrong is represented by Kevin Barron.

The defendants have been charged by the government with a violation of federal law.  Both defendants have been charged with conspiracy to make extortionate extensions of credit, making an extortionate extension of credit, a conspiracy to collect extortionate extensions of credit and the collection of an extortionate extension of credit.  The charges against the defendants are contained in the indictment.  The indictment is simply a description of the charges against the defendants; it is not evidence of anything.  The defendants pleaded not guilty to the charges and deny committing the crime.  They are presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven their guilt beyond a reasonable doubt.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

3

## PRELIMINARY STATEMENT OF ELEMENTS OF CRIME

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes charged, each of which the government must prove beyond a reasonable doubt to make its case. The defendants have been charged by the government with violations of federal law. Specifically they have been charged with conspiracy to make extortionate extensions of credit, making an extortionate extension of credit, conspiracy to collect an extension of credit by extortionate means and the collection of an extension of credit by extortionate means.

Conspiracy to make extortionate extensions of credit requires an agreement by defendants. It requires that the agreement be to do something forbidden by law, namely to extend credit to any person, including making any loan, where the defendant and the debtor understand that delay in repayment or failure to repay could result in the use of violence.

The crime of extortionate extensions of credit requires that the defendant make an extension of credit, including making any loan, where the defendant and the debtor understand that delay in repayment or failure to repay could result in the use of violence.

Conspiracy to collect extortionate extensions of credit requires an agreement by defendants. It requires that the agreement be to do something forbidden by law, namely to collect an extension of credit using extortionate means, that is with an

4

express or implied threat of the use of violence.

The crime of extortionate collection of extensions of credit requires that the defendant collect or attempt to collect repayment of a loan using extortionate means, that is with an express or implied threat of the use of violence.

You should understand, however, that what I have just given you is only a preliminary outline. At the end of the trial I will give you a final instruction on these matters. If there is any difference between what I just told you, and what I tell you in the instruction I give you at the end of the trial, the instructions given at the end of the trial govern.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## EVIDENCE; OBJECTIONS; RULINGS; BENCH CONFERENCES

I have mentioned the word "evidence." Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated -- that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Certain things are not evidence. I will list those things for you now:

(1) Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

(2) Objections are not evidence. Lawyers have a duty to their

client to object when they believe something is improper under the rules of evidence.  You should not be influenced by the objection. If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained.  If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

(3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4) Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence."  Direct evidence is testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find or infer another fact.  You may consider both direct and circumstantial evidence.  The law permits you to give equal weight

to both, but it is for you to decide how much weight to give to any evidence.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions – First Circuit 1998 Edition.

## CONDUCT OF THE JURY

To insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors.  "Anyone else" includes members of your family and your friends.  You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it.  If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case -- you should not even pass the time of day with any of them.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.  If a person from one side of the lawsuit sees you talking to a person from the other side -- even if it is simply to pass the time of day -- an unwarranted and unnecessary suspicion about your fairness might be aroused.  If any lawyer, party or witness does not speak to you

when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you;

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

Sixth, do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation about the case on your own;

Seventh, if you need to communicate with me simply give a signed note to the court security officer to give to me; and

Eighth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions – First Circuit 1998 Edition.

## NOTE-TAKING

I am going to permit you to take notes in this case, and the courtroom deputy has distributed pencils and pads for your use. I want to give you a couple of warnings about taking notes, however. First of all, do not allow your note-taking to distract you from listening carefully to the testimony that is being presented. If you would prefer not to take notes at all but simply to listen, please feel free to do so. Please remember also from some of your grade-school experiences that not everything you write down is necessarily what was said. Thus, when you return to the jury room to discuss the case, do not assume simply because something appears in somebody's notes that it necessarily took place in court. Instead, it is your collective memory that must control as you deliberate upon the verdict. Please take your notes to the jury room at every recess. I will have the courtroom deputy collect them at the end of each day and place them in the vault. They will then be returned to you the next morning. When the case is over, your notes will be destroyed. These steps are in line with my earlier instruction to you that it is important that you not discuss the case with anyone or permit anyone to discuss it with you.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

## OUTLINE OF THE TRIAL

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence that it intends to put before you, so that you will have an idea of what the government's case is going to be.

Just as the indictment is not evidence, neither is the opening statement evidence.  Its purpose is only to help you understand what the evidence will be and what the government will try to prove.

After the government's opening statement, the defendants' attorneys may, if they chooses, make opening statements.  At this point in the trial, no evidence has been offered by either side.

Next the government will offer evidence that it says will support the charges against the defendants.  The government's evidence in this case will consist of the testimony of witnesses, and may include documents and other exhibits.  In a moment I will say more about the nature of evidence.

After the government's evidence, the defendants' lawyers may present evidence in the defendants' behalf, but they are not required to do so.  I remind you that the defendants are presumed innocent, and the government must prove the guilt of the defendants beyond a reasonable doubt.  The defendants do not have to prove their innocence.

After you have heard all the evidence on both sides, the

13

government and the defense will each be given time for their final arguments. I just told you that the opening statements by the lawyers are not evidence. The same applies to the closing arguments. They are not evidence either. In their closing arguments the lawyers for the government and the defendants will attempt to summarize and help you understand the evidence that was presented.

The final part of the trial occurs when I instruct you about the rules of law that you are to use in reaching your verdict. After hearing my instructions, you will leave the courtroom together to make your decisions. Your deliberations will be secret. You will never have to explain your verdict to anyone.

Following your verdict, there may be further proceedings. If such proceedings become necessary, I will give you additional instructions at that time.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## STIPULATIONS

The evidence in this case includes facts to which the lawyers have agreed or stipulated.  A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact to be given whatever weight you choose.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions – First Circuit
1998 Edition.

**IMPEACHMENT OF WITNESS'S TESTIMONY BY PRIOR CONVICTION**

You have heard evidence that certain witnesses have previously been convicted of a crime.  You may consider that evidence, together with other pertinent evidence, in deciding how much weight to give to those witnesses' testimony.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions – First Circuit 1998 Edition.

## CAUTION AS TO COOPERATING WITNESS TESTIMONY

You have heard the testimony of one of the government's witnesses who participated in the crimes charged against the defendants and provided evidence. Some people in this position are entirely truthful when testifying. Still, you should consider this testimony with care and caution. You may consider whether he had reason to make up stories or exaggerate what others did to be helpful to law enforcement.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

**WEIGHING THE TESTIMONY OF AN EXPERT WITNESS (If Applicable)**

You have heard testimony from expert witnesses.  An expert witness has special knowledge or experience that allows that witness to give an opinion.

You may accept or reject such testimony.  In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

18

### DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW

It is your duty to find the facts from all the evidence admitted in this case.  To those facts you must apply the law as I give it to you.  The determination of the law is my duty as the presiding judge in this court.  It is your duty to apply the law exactly as I give it to you, whether you agree with it or not.  You must not be influenced by any personal likes or dislikes, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you and according to the law.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return -- that is a matter entirely for you to decide.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

**PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT**

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt.   The presumption is not a mere formality.   It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that the defendant is guilty of the crime or crimes with which he is charged beyond a reasonable doubt.   The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.   This burden never shifts to the defendants.   It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence.   The defendant has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against

20

them.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the defendant's guilt of a particular crime, it is your duty to acquit the defendant of that crime. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendants' guilt of the particular crime, you should vote to convict the defendant.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions – First Circuit
1998 Edition.

### DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY

The defendant has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that the defendant did not testify.  For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

22

## WHAT IS EVIDENCE; INFERENCES

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.  A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact even though nothing more was said about it one way or the other.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents.  In other words, you are not limited solely to what you see and hear as the witnesses testify.  You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

**KINDS OF EVIDENCE: DIRECT AND CIRCUMSTANTIAL**

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## CREDIBILITY OF WITNESSES

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.  You do not have to accept the testimony of any witness if you find the witness not credible.  You must decide which witnesses to believe and which facts are true. To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## CAUTIONARY AND LIMITING INSTRUCTIONS
## AS TO PARTICULAR KINDS OF EVIDENCE

A particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for one particular purpose, and not for any other purpose.  I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## WHAT IS NOT EVIDENCE

Certain things are not evidence.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence because the lawyers are not witnesses.  What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

(3) Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence.  You must not consider such items.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at trial.

(5) The indictment is not evidence.  This case, like most criminal cases, began with a charge, or an indictment.  In this case, there were subsequent charges which are contained in a Indictment.  You will have that indictment before you in the course of your deliberations in the jury room.  That indictment was

returned by a grand jury, which heard only the government's side of the case.  I caution you, as I have before, that the fact that this defendant has been indicted is no evidence whatsoever of his guilt. The indictment is simply an accusation.  It is the means by which the allegations and charges of the government are brought before this court.  The indictment proves nothing.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

### CONSPIRACY TO MAKE EXTORTIONATE EXTENSIONS OF CREDIT
### [18 U.S.C. § 892]

Defendants Virgil Farese and James Armstrong are accused in Count One of the Indictment with conspiracy to make extortionate extensions of credit.  In order to sustain its burden of proof on Count One the government must prove the following two essential elements beyond a reasonable doubt.

<u>First</u>: That there was a conspiracy or agreement between at least two people to participate in the use of extortionate means to make an extension of credit, as specified in Count One of the Indictment; and

<u>Second</u>: That defendants Virgil Farese and James Armstrong knowingly and willfully joined in that conspiracy or agreement specified in Count One.

The Indictment alleges that the conspiracy charged in Count One began in or before February of 1997 and continued through in or about December of 2000.

In determining whether the defendants conspired as charged, you need not find that the conspiracy existed during the entire period charged.  It is sufficient that you find that the conspiracy was in existence for any period of time which included the period alleged in the Indictment, and that the defendants were members of the conspiracy during that period.

A conspiracy is an agreement or combination of two or more persons to violate the law.  It is a kind of partnership in

29

crime in which each member of the conspiracy, just by being a member of the conspiracy, becomes an agent of every other member of the conspiracy.  What this means is that each conspirator not only acts for himself, but also acts for the other conspirators. The gist of the offense is a combination or an agreement to disobey or disregard the law to achieve the unlawful purpose. The crime of conspiracy to violate a federal law, here the statute prohibiting making extortionate extensions of credit, is a crime separate and distinct from the <u>actual</u> violation of that same federal law.  The actual violation is referred to as a "substantive crime," in contrast to a conspiracy offense. Because conspiracy is an independent offense, it is not necessary that the government prove that the unlawful purpose of the conspiracy actually was achieved in order to prove that the conspiracy existed.  What the evidence must show, however, is that the members of the conspiracy in some way or manner, through some means, came to a mutual understanding to try and accomplish their common unlawful purpose and that they did so knowingly, willfully and intentionally.

With respect to Count One, the first element you must determine is whether there was a conspiracy as charged in Count One.  To establish the existence of a conspiracy, the evidence need not show that the conspirators entered into any express or formal agreement, or even that they directly, by spoken or

written words, stated between themselves just what their object or purpose was, or the details of the scheme, or the means by which they would succeed.  It is sufficient if an agreement is shown by conduct evidencing a silent understanding to share a purpose to violate the law.  A conspiracy is, by its very nature, usually secret in its origin and in its execution.

Since a conspiracy is often secret, neither the existence of the common agreement or scheme, nor the fact of the defendant's participation in it need be proved by direct evidence.  Proof of the crime may rest, as it frequently does, on indirect or circumstantial evidence.  The existence of a conspiracy may be inferred from the evidence or related facts and circumstances from which it appears a reasonable and logical inference can be drawn that the activities of the participants in the alleged criminal venture could not have been carried on except as a result of a preconceived scheme or common understanding.

If you find that the conspiracy charged in Count One of the Indictment existed, the second element that the government must prove beyond a reasonable doubt is that defendants Virgil Parese and James Armstrong knowingly, willfully, and voluntarily became members of that conspiracy - that is, that they knew the purpose or goal of the agreement or understanding and deliberately entered into that agreement intending, in some

way, to accomplish the goal or purpose by this common plan or joint action.

If the evidence establishes beyond a reasonable doubt that the defendants in question knowingly and deliberately entered into an agreement to participate in making extortionate extensions of credit, the fact that the defendant did not join the agreement at its beginning, or did not know all of the details of the agreement, or did not participate in each act of the agreement, or did not playa major role in accomplishing the unlawful goal is not important to your decision regarding membership in the conspiracy.  Moreover, two persons may be found to have conspired even though the evidence of one's role is greater than the evidence of the other's role.

A person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy does not thereby become a conspirator. Merely associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at the place where a crime takes place or is discussed, or even knowing about criminal conduct does not, of itself, make someone a member of the conspiracy or a conspirator.

A co-conspirator is responsible for all actions taken by his co-conspirators in furtherance of the conspiracy while the

co-conspirator is a member. So long as the partnership in crime
continues the partners act for each other in carrying it
forward.  Any act of one partner may be the act of all without
any new agreement specifically directed to that act.

## MAKING AN EXTORTIONATE EXTENSION OF CREDIT
## [18 U.S.C. § 892]

As I previously explained, the object of the conspiracy charged in Count One is to make extortionate extensions of credit. This crime is also charged as a substantive offense in Count Two.  In order to sustain its burden of proof on this crime, the government must prove the following three essential elements beyond a reasonable doubt:

First : That defendants Virgil Farese and James Armstrong made an extension of credit;

Second: That the extension of credit was extortionate; and

Third : That the defendants acted knowingly and willfully.

The first element of the substantive offense charged in Count Two is that defendants Virgil Farese and James Armstrong made an extension of credit.  To "extend credit" means to make or renew any loan, or to enter into any agreement, whether tacit or express, whereby the repayment of a debt or the satisfaction of a claim may or will be deferred.  It makes no difference whether the debt or claim in question is valid or invalid, acknowledged or not acknowledged, or how it may have arisen.  An extension of credit need not be a loan, but may be based on any debt or claim for money, if payment of that debt or claim has been or will be deferred.

The second element of the offense which the government

34

must prove beyond a reasonable doubt is that the extension of credit made by defendants was extortionate.  An extortionate extension of credit is any extension of credit with respect to which it is the understanding of the borrower and the lender, at the time it is made that delay in making repayment or failure to make repayment could result in the use of extortionate means, that is, by the use, or an express or implicit threat of use of violence or other criminal means to cause harm to the person, reputation or property of any person. A threat includes the use of words to another which indicate to that person that failure to comply with the demands of the person making the threat will result in physical or economic harm to the person or his family.

The government need not prove that any threat to use force or violence was explicit or expressed outright in so many words. Implicit threats to use force or violence are also prohibited.

If you find that under all of the circumstances shown by the evidence received in this case that an ordinary and reasonable person would have been put in fear of immediate bodily or economic harm, or future bodily or economic harm, then you may find that the defendant did use extortionate means to instill fear within the meaning of these instructions.

Actual fear on the part of the borrower is not an element

35

of the offense of making an extortionate extension of credit.
It is not necessary, therefore, that the Government prove that
the victim of any extortionate extensions of credit was
actually placed in fear of immediate bodily harm or future
bodily harm or of other criminal means.

The Government must prove beyond a reasonable doubt,
however, that the defendants planned and intended that the
borrower would understand the possibility that harmful
consequences would follow from his delay in repaying or failure
to repay the extension of credit.

In determining whether an extension of credit is
extortionate, you may consider whether the following factors
were present:

First, the repayment of the extension of credit would be
unenforceable through civil judicial processes against the
borrower in the jurisdiction within which the borrower resided
at the time the extension of credit was made;

Second, the extension of credit was made at a rate of
interest in excess of an annual rate of 45 percent;

Third, at the time the extension of credit was made, the
borrower reasonably believed that either one or more extensions
of credit by the lender had been collected or attempted to be
collected by extortionate means, or the nonrepayment thereof
had been punished by extortionate means, or the lender had a

36

reputation for the use of extortionate means to collect extensions of credit or to punish the nonrepayment thereof;

Fourth, upon the making of the extension of credit, the total of the extensions of credit by the lender to the borrower then outstanding, including any unpaid interest or similar charges, exceeded $100.

If you find that all of the above factors were present in connection with the extortionate extension of credit, I instruct you that there is prima facie evidence that the extension of credit was extortionate. I further instruct you, however, that the above factors are nonexclusive and should only be considered along with the other evidence in this case.

## CONSPIRACY TO COLLECT EXTORTIONATE EXTENSIONS OF CREDIT
## [18 U.S.C. § 894]

Defendants Virgil Farese and James Armstrong are accused in Count Three of the Indictment with conspiracy to collect extortionate extensions of credit.  In order to sustain its burden of proof on Count Three the government must prove the following two essential elements beyond a reasonable doubt.

First: That there was a conspiracy or agreement between at least two people to participate in the use of extortionate means to collect an extension of credit, as specified in Count Three of the Indictment; and

Second: That defendants Virgil Farese and James Armstrong knowingly and willfully joined in that conspiracy or agreement specified in Count Three.

The Indictment alleges that the conspiracy charged in Count One began in or before February of 1997 and continued through in or about December of 2000.

In determining whether the defendants conspired as charged, you need not find that the conspiracy existed during the entire period charged.  It is sufficient that you find that the conspiracy was in existence for any period of time which included the period alleged in the Indictment, and that the defendants were members of the conspiracy during that period. A conspiracy is an agreement or combination of two or more

38

persons to violate the law.  It is a kind of partnership in crime in which each member of the conspiracy, just by being a member of the conspiracy, becomes an agent of every other member of the conspiracy.  What this means is that each conspirator not only acts for himself, but also acts for the other conspirators.  The gist of the offense is a combination or an agreement to disobey or disregard the law to achieve the unlawful purpose.

The crime of conspiracy to violate a federal law, here the statute prohibiting the extortionate collection of an extension of credit, is a crime separate and distinct from the <u>actual</u> violation of that same federal law.  The actual violation is referred to as a "substantive crime," in contrast to a conspiracy offense.  Because conspiracy is an independent offense, it is not necessary that the government prove that the unlawful purpose of the conspiracy actually was achieved in order to prove that the conspiracy existed.  What the evidence must show, however, is that the members of the conspiracy in some way or manner, through some means, came to a mutual understanding to try and accomplish their common unlawful purpose and that they did so knowingly, willfully and intentionally.

With respect to Count Three, the first element you must determine is whether there was a conspiracy as charged in Count

39

Three.  To establish the existence of a conspiracy, the evidence need not show that the conspirators entered into any express or formal agreement, or even that they directly, by spoken or written words, stated between themselves just what their object or purpose was, or the details of the scheme, or the means by which they would succeed.  It is sufficient if an agreement is shown by conduct evidencing a silent understanding to share a purpose to violate the law.  A conspiracy is, by its very nature, usually secret in its origin and in its execution.

Since a conspiracy is often secret, neither the existence of the common agreement or scheme, nor the fact of the defendant's participation in it need be proved by direct evidence.  Proof of the crime may rest, as it frequently does, on indirect or circumstantial evidence.  The existence of a conspiracy may be inferred from the evidence or related facts and circumstances from which it appears a reasonable and logical inference can be drawn that the activities of the participants in the alleged criminal venture could not have been carried on except as a result of a preconceived scheme or common understanding.

If you find that the conspiracy charged in Count Three of the Indictment existed, the second element that the government must prove beyond a reasonable doubt is that defendants Virgil Parese and James Armstrong knowingly, willfully, and

40

voluntarily became members of that conspiracy - that is, that
they knew the purpose or goal of the agreement or understanding
and deliberately entered into that agreement intending, in some
way, to accomplish the goal or purpose by this common plan or
joint action.

If the evidence establishes beyond a reasonable doubt that
the defendants in question knowingly and deliberately entered
into an agreement to participate in the use of extortionate
means to collect an extension of credit, the fact that the
defendant did not join the agreement at its beginning, or did
not know all of the details of the agreement, or did not
participate in each act of the agreement, or did not play a
major role in accomplishing the unlawful goal is not important
to your decision regarding membership in the conspiracy.
Moreover, two persons may be found to have conspired even
though the evidence of one's role is greater than the evidence
of the other's role.

A person who has no knowledge of a conspiracy, but simply
happens to act in a way that furthers some object or purpose of
the conspiracy does not thereby become a conspirator. Merely
associating with others and discussing common goals, mere
similarity of conduct between or among such persons, merely
being present at the place where a crime takes place or is
discussed, or even knowing about criminal conduct does not, of

41

itself, make someone a member of the conspiracy or a conspirator.

A co-conspirator is responsible for all actions taken by his co-conspirators in furtherance of the conspiracy while the co-conspirator is a member. So long as the partnership in crime continues the partners act for each other in carrying it forward. Any act of one partner may be the act of all without any new agreement specifically directed to that act.

## COLLECTION OF EXTENSIONS OF CREDIT BY EXTORTIONATE MEANS
## [18 U.S.C. § 894]

As I previously explained, the object of the conspiracy charged in Count Three is to collect extensions of credit using extortionate means.  This crime is also charged as a substantive offense in Count Four.  In order to sustain its burden of proof on this crime, the government must prove the following three essential elements beyond a reasonable doubt:

First : That defendants Virgil Farese and James Armstrong collected or attempted to collect an extension of credit;

Second: That defendants used extortionate means or participated in the use of extortionate means to collect or attempt to collect the extension of credit; and

Third: That the defendants participated knowingly in the use of those extortionate means.

The first element of the substantive offense charged in Count Four is that defendants Virgil Farese and James Armstrong collected an extension of credit.  To "collect" means to induce a person in any way to make a payment of money.  To "extend credit" means to make or renew any loan, or to enter into any agreement, whether tacit or express, whereby the repayment of a debt or the satisfaction of a claim may or will be deferred.  It makes no difference whether the debt or claim in question is valid or invalid, acknowledged or not acknowledged, or how it

may have arisen.  An extension of credit need not be a loan, but may be based on any debt or claim for money, if payment of that debt or claim has been or will be deferred.

The second element of the offense which the government must prove beyond a reasonable doubt is that the defendants used extortionate means or participated in the use of extortionate means to collect an extension of credit.  The statute defines "extortionate means" as "any means which involves the use, or an express or implicit threat of use, of violence or other criminal means to cause harm to the person, reputation or property of any person."  A threat includes the use of words that convey to the other person that failure to comply with the speaker's demands will result in physical or economic harm to the person.

The government need not prove that any threat to use force or violence was explicit or expressed outright in so many words. Implicit threats to use force or violence are also prohibited.

If you find that under all of the circumstances shown by the evidence received in this case that an ordinary and reasonable person would have been put in fear of immediate bodily or economic harm, or future bodily or economic harm, then you may find that the defendant did use extortionate means to instill fear within the meaning of these instructions.

Actual fear on the part of the borrower is not an element of the offense of making an extortionate extension of credit. It

44

is not necessary, therefore, that the Government prove that the victim of any extortionate extensions of credit was actually placed in fear of immediate bodily harm or future bodily harm or of other criminal means.

The Government must prove beyond a reasonable doubt, however, that the defendants planned and intended that the borrower would understand the possibility that harmful consequences would follow from his delay in repaying or failure to repay the extension of credit.

### FOREPERSON'S ROLE; UNANIMITY

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so.  You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court.  Your verdict must be unanimous.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions – First Circuit 1998 Edition.

## CONSIDERATION OF EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it.  It is important therefore that you reach a verdict if you can do so conscientiously.  If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them.  You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination.  Do not surrender an honest

conviction as to the weight and effect of the evidence simply to

reach a verdict.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First
Circuit
1998 Edition.

**RETURN OF VERDICT FORM**

I want to read to you now what is called the verdict form. This is simply the written notice of the decision you will reach in this case.

**Read verdict form.**

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First
Circuit
1998 Edition.

50

**COMMUNICATION WITH THE COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court.  If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time.  You may continue with your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First
Circuit
1998 Edition.

**"ON OR ABOUT" - EXPLAINED**

The indictment charges that the offenses alleged were committed "on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the dates charged.

Adapted from Devitt, Blackmar, Wolff, and O'Malley, <u>Federal Jury Practice and Instructions,</u> §13.05 (4th Ed. 1992).

**CERTIFICATE OF SERVICE**

**SUFFOLK, ss**                              Boston, Massachusetts
                                            February 24, 2006

    I, Laura J. Kaplan, Assistant U.S. Attorney, do hereby
certify that I have served a copy of the foregoing Government's
Proposed Jury Instructions, to counsel of record by CM/ECF.


                          /S/ Laura J. Kaplan
                         LAURA J. KAPLAN
                         Assistant U.S. Attorney


                              53