UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Action No. 1:05-cr-10124-WGY

UNITED STATES OF AMERICA,

v.

JAMES ARMSTRONG and Virgil Farese,
            Defendant.

DEFENDANTS' JOINT MOTION IN LIMINE
(WITH INCORPORATED MEMORANDUM OF LAW )
TO EXCLUDE CERTAIN REPUTATION EVIDENCE

N O W  C O M E S James Armstrong, defendant, by his attorney, and

cross moves, respectfully, for an order pursuant to FRE Rules 802 and 803(21)

and the Fifth and Sixth Amendments to the US Const. excluding reputation

evidence that lacks the required evidentiary foundations.   As set forth in Mr.

Armstrong's memorandum filed with this motion,  the government attempts to

show:  that (1)witnesses had heard in the "hog house" (the jobsite locker room)

or the "rumor mill" that Mr. Armstrong and Mr. Farese were lending money;  (2)

that witnesses knew of gossip or rumors or had "heard it in the hog house" that

Mr. Armstrong had a conviction for armed robbery or had a reputation for

violence; (3) hearsay that Mr. Armstrong had beaten his union steward in a fight

on the job - which the government will acknowledge had nothing to do with

lending (to say nothing of loan shark enforcing).

This evidence lacks a foundation showing that "these matters have been

sufficiently inquired about and discussed with persons having personal

1

knowledge so that a trustworthy consensus has been reached." 5 Weinstein's

Federal Evidence, § 803.24[1]. Before a witness can testify to reputation, the

witness must be qualified by showing membership in a group that could have

been familiar with the personal or family history of the person in question,

namely, family, associates or community. . . . The Judge should consider . . . not

only the foundation that has been laid for the reception of this reputation

evidence, but also such factors as the significance and nature of the fact towards

which the proof is directed, the availability of other evidence, and the nature of

the litigation." Id. § 803.24[3]. In discussing the similar hearsay exception in Rule

803(20), for reputation concerning boundaries or general history, Saltzburg

explains: "[I]t is considered unlikely that a falsehood could become generally

accepted as truth in the community, where the matter is of importance to the

community." 3 Stephen A. Saltzburg et al., Federal Rules of Evidence Manual

1699 (7th ed. 1998) ("[G]eneral reputation about facts of interest to the

community is probably trustworthy . . . ."). ". . . [T]he testimony must report a

general consensus in the community, an assertion of the group as opposed to one

or a few of its constituents. The fact that the information has been considered by

and was subject to the general scrutiny of the community is an essential

guarantee of reliability for the exception." Saltzburg et al., supra, at 1699. As

these comments indicate, when a matter has been sufficiently discussed within a

well-defined community so that its truth has obtained "circumstantial guarantees

of trustworthiness," Fed. R. Evid. 807, it is properly the subject of reputation

testimony.  *Blackburn v. United Parcel Service Inc.*, 179 F.3d 81,  (3d Cir. 1999)(for a

general discussion of foundational requirements for reputation testimony).

Dated this 24th day of February, 2006, at Boston, Massachusetts.

/s./ *Kevin L. Barron*

Kevin Lawrence Barron BBO550712
Attorney for James Armstrong
453 Washington Street - 5th Fl.
Boston MA 02111-1325
Tel. No. 617-407-6837
Cellular 617-407-6837
Telecopier 617-517-7711
k@lawyerbarron.com

CERTIFICATE OF SERVICE

Counsel certifies that he has served AUSA Laura Kaplan, Esq., and Co-counsel
John LaChance, Esq., electronically with a true copy of this motion by the
CM/ECF of this District today on February 24, 2006.  No party requires service
by mail.

/s./ *Kevin L. Barron*

Kevin Lawrence Barron BBO550712