UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Action No. 1:05-cr-10124-WGY

UNITED STATES OF AMERICA,

v.

JAMES ARMSTRONG and Virgil Farese,
    Defendant.

DEFENDANT'S MOTION FOR MISCELLANEOUS RELIEF CONCERNING
PROSECUTORIAL VOUCHING AND INFLAMMATORY EVIDENCE

N O W   C O M E S James Armstrong, defendant, by his attorney, and moves, respectfully, for an order pursuant to the Fifth and Sixth Amendments, U.S. Const., prohibiting the government's use of "vouching" and, further, prohibiting the government from exciting the jury or inviting its partisan response.

There are two aspects of this case that occasion this motion. First, grand jury transcripts show the witnesses in this case have been reluctant to testify and had to be prompted repeatedly about their off-record statements. The jury might interpret the kind of prompting used in grand jury (reminding witnesses of the conversations with the AUSA) as bolstering or vouching for the credibility of government witnesses. Secondly, the government intends to prove an element of its extortionate collection of credit case by offering proof that its witnesses feared Mr. Armstrong and knew of an armed robbery conviction. The evidence the government intends to show indicates that subjective fears and suspicions will be interjected into the case and these may inflame the jury.

1

VOUCHING

Reminding a reluctant witness "didn't you tell me..." or "you told me earlier that..." is testimony by the prosecutor of the witness' prior statements (contained in the form of a question).  Prohibiting this kind of argument and examination would be consistent with the law of this circuit.  A prosecutor may not place "the prestige of the government behind a witness by making personal assurances about the witness'[s] credibility;" nor may the prosecutor indicate that facts outside the jury's cognizance support the testimony of the government's witnesses. *United States v. Neal*, 36 F.3d 1190,1207 (1st Cir. 1994).  Moreover, it is improper for a prosecutor to injected his/her personal opinion of the evidence into closing argument. See *United States v. Smith*, 982 F.2d 681, 684 & n.2 (1st Cir. 1993) (prosecutor's use of "I think" during closing argument was improper). Assertions to the effect that [a government witness] has told the truth run afoul of the long-standing decisions of this court. See *Wihbey*, 75 F.3d at 772 (prosecutor's comment that government witness testified truthfully was improper); *United States v. Mejía-Lozano*, 829 F.2d 268, 273 (1st Cir. 1987). A prosecutor may not make comments to the effect that if a government witness is willing to lie about a defendant's involvement in the crime charged "to curry favor with the government, he would have concocted a more damaging story." This is reversible error, see *United States v. Manning*, 23 F.3d 570 (1st Cir. 1994)(the prosecutor said that if the government's witness really wanted to lie, there were "a million little ways they could have given it to the Defendant" but

2

argued that the government's witnesses could not lie or exaggerate because they were bound by their oaths and the truth. Id. at 572."

FEAR AND INFLAMMATORY EVIDENCE

The defense is concerned that the government will ask the jury to generalize about extortionate credit and "loan sharking". It may, in seeking to cast its witnesses as victims of violent crime, create generalized fears about Mr. Armstrong and gang or Union violence. Such dangers are inherent in the subjective nature of the fears the government intends to offer in its proof (and to which the defense objects). It will have witnesses say they feared Mr. Armstrong as a violent man and raise vague associations with gang violence, armored car robberies and other bad acts. A prosecutor must refrain from attempting to deflect the jury's attention from the narrow issue of the defendant's guilt or innocence; any attempt to "foist onto the jury responsibility for the extra-judicial consequences of a not-guilty verdict" is improper. *United States v. Whiting*, 28 F.3d 1296, 1302 (1st Cir.1994). Examples of improper government arguments include: A prosecutor's attempt to enlist the jurors in the war on drugs, see *Arrieta-Agressot v. United States*, 3 F.3d 525, 527 (1st Cir. 1993) ("[T]he defendants are not soldiers in the army of good. They are soldiers in the army of evil, in the army which only purpose [sic] is to poison, to disrupt, to corrupt."); A demand that the jury prevent the defendant from harming other victims, see *Whiting*, 28 F.3d at 1302 ("exhort[ing] . . . the jurors not to 'let other kids be succored [sic] in by [the defendant's] flash, that cash, that deception'").

Comments calculated to "excite the jury, invite a partisan response, and distract its attention from the only issue properly presented by this case: whether the evidence established [Auch's] guilt beyond a reasonable doubt," *Arrieta-Agressot*, 3 F.3d at 529-30.

Dated this 24th day of February, 2006, at Boston, Massachusetts.

/s./ *Kevin L. Barron*
Kevin Lawrence Barron BBO550712
Attorney for James Armstrong
453 Washington Street - 5th Fl.
Boston MA 02111-1325
Tel. No. 617-407-6837
Cellular 617-407-6837
Telecopier 617-517-7711
k@lawyerbarron.com

CERTIFICATE OF SERVICE

Counsel certifies that he has served AUSA Laura Kaplan, Esq., and Co-counsel John LaChance, Esq., electronically with a true copy of this motion by the CM/ECF of this District today on February 24, 2006. No party requires service by mail.

/s./ *Kevin L. Barron*
Kevin Lawrence Barron BBO550712