UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Action No. 1:05-cr-10124-WGY

UNITED STATES OF AMERICA,

v.

JAMES ARMSTRONG and Virgil Farese,
    Defendant.

## DEFENDANT ARMSTRONG'S MOTION (WITH INCORPORATED MEMORANDUM OF LAW) TO EXCLUDE PURPORTED "EVIDENCE OF CONSCIOUSNESS OF GUILT"

N O W   C O M E S James Armstrong, defendant, by his attorney, and moves, respectfully, for an order pursuant to FRE Rules 403 and 404(b) and the Fifth and Sixth Amendments to the US Constitution excluding certain alleged evidence of conduct by counsel's investigator with the relative of a government witness as "evidence of consciousness of guilt".

    The government has no legally-recognized "consciousness of guilt" evidence to offer.  It seeks to show that the investigation counsel directed, namely an interview of the father of a witness, might be used as evidence of consciousness of guilt against Mr. Armstrong.  The possible inference would require a jury to find that counsel hinged his strategy on a technical defense of statute of limitations and thereby acknowledged his client's guilt of the substantive acts.

    Indeed, there is no showing that Mr. Armstrong had anything to do with instructions to the investigator concerning the witness's father, William

1

Campitelli. [1] As the DEA-6 reports indicate, counsel's investigator sought answers to obvious questions that the government has carefully avoided asking for fear of raising statute of limitations issues: Are the any records showing when father loaned the son money; what events occurred around the time of lending money; was Mr. Armstrong on the job when the alleged loan was paid back with funds from William Campitelli?

Charging the jury on consciousness of guilt evidence contains a danger that the jury be confused by circular reasoning. See, *US v. Littlefield*, 840 F.2d 143 (1 Cir. 1988)(not harmful in light of other instructions). Consciousness of guilt evidence can only be considered in light of other evidence of guilt. On that basis, the district court in *Littlefield* told the jury that "you can conclude that if he told an untruth to the investigator, that he acted out of a consciousness of guilt . . . . [I]f you conclude that he was covering up, that he was intentionally throwing an investigator off the track, then it would be open to you to conclude that that is evidence of a consciousness of some guilt on his part." *Littlefield*, 840 F.2d 143 (1 Cir. 1988). While the case at bar does not concern a defendant statement, the issue of confusion is as great or greater when dealing with the conduct or statements of another acting indirectly in defendant's behalf.

> For an allegedly false exculpatory statement to be of any value in the factfinder's deliberations, we think it either must involve a matter collateral to the facts establishing guilt, see, e.g.,

---

[1] As the DE-6's point out, Mr. Armstrong did call the defendant's investigator; what the agents did not know was that the Court suggested that counsel's "client" should call the investigator to come and answer the government's accusations.

2

> *United States v. Ingram*, 600 F.2d 260, 262 (10 Cir. 1979) (discussed infra), or should be so incredible that its very implausibility suggests that it was created to conceal guilt, see, e.g., *United States v. Smith*, 680 F.2d 255, 260 (1 Cir. 1982). But see United States v. McDougald, 650 F.2d 532 (4th Cir. 1981) (any exculpatory statement contradicted by evidence at trial justifies instruction on consciousness of guilt; defendant's denial of forgery contradicted by handwriting expert); *United States v. Wells*, 702 F.2d 141, 143-44 (8th Cir. 1983) (instruction proper when defendant charged with possession of illegal firearm denied ownership of bag containing the gun, and evidence at trial -- demonstrating guilt -- suggested statement to be false).

*Littlefield*, 840 F.2d 143 (1 Cir. 1988).

The First Circuit has ruled that "evidence of threats to witnesses can be relevant to show consciousness of guilt." See, *United States v. Benedetti*, 433 F.3d 111 (1 Cir. 2005) citing *United States v. Monahan*, 633 F.2d 984, 985 (1st Cir. 1980) (per curiam). Like evidence of flight from the scene of a crime, bribery of an adverse witness, or the destruction of incriminating evidence, threats made by a defendant respecting a specific hostile witness may imply that the party making the threat has something specific to hide. The desire to "cover something up," in turn, implies a consciousness of guilt of the particular crime charged. See 2 Wigmore on Evidence §§ 273-77 (Chadbourne Revision 1979).

In this case, however, the evidence has nothing to do with the defendant's own consciousness of anything. The entire approach to the witness was directed by counsel through the investigator with the purpose of uncovering information to show that the statute of limitations had passed. Such a strategy was obvious when the government's evidence was internally inconsistent, namely that (1) that

the loan was made when Mr. Armstrong was a threat to Mr. Campitelli, (2) that Mr. Campitelli obtained the loan after May 12, 2000 and Mr. Armstrong was gone from the job in April 1999.

This Court is fully within its right to disallow the governments attempt to use counsel's strategy as consciousness of evidence of guilt. While some consciousness of guilt evidence (not this evidence) may be probative, any value (and there is none) in this case "is substantially outweighed by the danger of unfair prejudice." Fed.R.Evid. 403. The District Courts' discretion to admit or exclude such evidence is braod. In *Benedetti, supra,* 433 F.3d 11, the district court considered the proffered evidence, expressly weighed its probative value against the possibility that it would be misused by the jury so as to prejudice the defendant unfairly, and concluded that the danger of unfair prejudice did not substantially outweigh its probative value. A district court's ultimate determination in such a situation is reviewed on appeal only for abuse of discretion. See, also *United States v. Gonsalves*, 668 F.2d 73 (1 Cir. 1982)( court concluded not unduly prejudicial, statement by defendant about eyewitness "That broad is dead"). Likewise, flight evidence is controversial and must be handled with care. See, e.g., *United States v. Zanghi*, 189 F.3d 71, 83 (1 Cir. 1999); *United States v. Grandmont*, 680 F.2d 867, 869 (1st Cir. 1982). *United States v. Benedetti*, 433 F.3d 111 (1 Cir. 2005).

The statements of a private investigator acting in counsel's behalf have no probative value. Evidence of a *party's consciousness of guilt may be relevant* only if

4

reasonable inferences can be drawn from it and if the evidence is probative of guilt. See 2 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence, § 401.08 (2d ed. 1997). This evidence passes none of the required tests for admissibility. Such evidence is only admissible if the court (1) determines that the evidence is offered for a purpose other than to prove the defendant's bad character or criminal propensity, (2) decides that the evidence is relevant and satisfies Rule 403, and (3) provides an appropriate instruction to the jury as to the limited purposes for which the evidence is introduced, if a limiting instruction is requested. *United States v. Perez*, No. 03-1322 (2 Cir. October 10, 2004) citing *United States v. Mickens*, 926 F.2d 1323, 1328-29 (2 Cir. 1991); *United States v. Ayala*, 307 F.2d 574, 576 (2 Cir. 1962) (proof of defendant's flight after a charged crime occurred admissible even though that evidence subject to varying interpretations) *US v.* Mickens, 926 F.2d at 1329(upholding admission of evidence of attempted witness or jury tampering as probative of a defendant's consciousness of guilt); *United States v. Glenn*, 312 F.3d 58, 69 (2d Cir. 2002)(falsehoods told by a defendant in hope of evading prosecution strengthen inference of guilt supplied by other evidence). See, also *United States v. Levy-Cordero*, No. 93-1679 (1 Cir. 1995) (consciousness of guilt inappropriate for possession of false passport five years after substantive offense not probative of consciousness of guilt but error was harmless); *United States v. Monahan*, 633 F.2d 984 (1 Cir. 1980)(mere obstruction of justice to avoid legal entanglement not consciousness of guilt; offensiveness of threatening personal harm to a witness

5

shows that defendant was willing to take extreme measures to exclude pertinent evidence from the trial as evinced by obstruction conviction was evidence; coincidence that defendant tried for obstruction of justice before he was tried for cocaine possession). F.3d at 529-30.

## CONCLUSION

For the reasons set forth above, the Court should grant this motion.

Dated this 6th day of March, 2006, at Boston, Massachusetts.

/s/ *Kevin L. Barron*
Kevin Lawrence Barron BBO550712
Attorney for James Armstrong
453 Washington Street - 5th Fl.
Boston MA 02111-1325
Tel. No. 617-407-6837
Cellular 617-407-6837
Telecopier 617-517-7711
k@lawyerbarron.com

## CERTIFICATE OF SERVICE

Counsel certifies that he has served AUSA Laura Kaplan, Esq., and Co-counsel John LaChance, Esq., electronically with a true copy of this motion by the CM/ECF of this District today on March 6, 2006. No party requires service by mail.

/s/ *Kevin L. Barron*
Kevin Lawrence Barron BBO550712